UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PATRICK STRAUGHTER**  CIVIL ACTION

**VERSUS**  NO. 20-1553

**JASON KENT, WARDEN**  SECTION: "R"(1)

## REPORT AND RECOMMENDATION

Patrick Straughter, a Louisiana state prisoner, initiated this proceeding by filing a pleading entitled "Writ of Mandamus – Challenging the Constitutionality of Louisiana Forcible Rape Statute – LSA-R.S. 14:42.1.A.B."[1] That pleading was unaccompanied by either a filing fee or a request to proceed *in forma pauperis*.

Interpreting the pleading as an attempt to seek habeas corpus relief pursuant to 28 U.S.C. § 2254, the Clerk of Court issued a "Notice of Deficient Filing," instructing petitioner to submit the Court's approved § 2254 form and a pauper application.[2] Petitioner complied with that directive.[3] However, due to the arguably confusing wording of the "Notice of Deficient Filing,"[4] he apparently believed that he was also *required* to submit a motion to vacate and a form for relief pursuant to 42 U.S.C. § 1983;[5] therefore, he dutifully submitted those pleadings as well.[6] The

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 3.
[4] See Rec. Doc. 2, p. 2 ("A writ of habeas corpus submitted by a person in state custody, a § 1983 prisoner suit, a motion to vacate, and a request for pauper status all should be submitted on an approved form." (emphasis in original)).
[5] See Rec. Doc. 3-8, p. 1.
[6] Rec. Docs. 3-6 (motion to vacate) and 3-7 (§ 1983 form).

undersigned assumes that those pleadings were submitted only due to his misunderstanding, and further assumes that he intended to seek *only* habeas corpus relief pursuant to 28 U.S.C. § 2254.[7]

Unfortunately, there is also another problem: Petitioner's § 2254 application is an improperly filed second or successive petition, in that he previously sought and was denied federal habeas corpus relief on the merits in Straughter v. Cain, Civ. Action No. 02-2382 "R"(1) (E.D. La. Oct. 23, 2003).[8] Before he is allowed to file a second or successive petition, he must first request and be granted authorization for such a filing – and that request must be directed not to this Court, but instead to the United States Fifth Circuit Court of Appeals. See 28 U.S.C. 2244(b)(3)(A).

That said, this Court could construe the instant filing as such a motion for authorization and transfer it to the Court of Appeals; however, the Court is not required to do so. Rather, the Court also has the option simply to dismiss the matter for lack of jurisdiction. See *In re* Hertzog, 444 F. App'x 63, 65 (5th Cir. 2011) (explaining that, if a second or successive habeas petition "is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court").

Given the confusing group of improper filings which have been submitted, it would seem inappropriate to transfer this matter to the Court of Appeals; rather, dismissal would appear to be the better alternative in this case. Of course, if petitioner wishes to seek authorization to file a

---

[7] The motion to vacate is not a proper pleading from a state prisoner; rather, the relief requested therein would fall under § 2254. Although a state prisoner obviously may seek relief under 42 U.S.C. § 1983, the Court assumes that is not in fact what petitioner was attempting to file, especially given his stated concern over receiving a third strike under 28 U.S.C. § 1915(g). See Rec. Doc. 3, p. 9. If the undersigned is incorrect in that assumption, petitioner is free to resubmit a § 1983 form, along with the required filing fee or a pauper application, to initiate a new and separate federal civil rights action.

[8] In connection with that matter, the United States Fifth Circuit Court of Appeals denied petitioner a certificate of appealability, Straughter v. Cain, No. 03-31095 (5th Cir. Apr. 14, 2004), and the United States Supreme Court denied his related petition for a writ of certiorari, Straughter v. Cain, 543 U.S. 1005 (2004).

second or successive habeas corpus petition, such dismissal would not preclude him from filing a *proper* motion *directly with the United States Fifth Circuit Court of Appeals*.

### RECOMMENDATION

It is therefore **RECOMMENDED** this matter be **DISMISSED**.[9]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __30th__ day of June, 2020.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] **If the United States District Judge disagrees with this recommendation, then the undersigned alternatively recommends that petitioner's pleading be construed in part as a motion for authorization to file a second or successive petition and transferred to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.**