UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK STRAUGHTER                                    CIVIL ACTION

VERSUS                                                NO. 20-1553

JASON KENT, WARDEN                                    SECTION "R" (1)


**ORDER AND REASONS**

Patrick Straughter petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The Magistrate issued a Report and Recommendation (R&R), concluding that Straughter's petition is "second or successive."[2]  Because Straughter failed to obtain authorization to file his successive petition from the Fifth Circuit, the Magistrate Judge recommends that the Court dismiss his petition for lack of jurisdiction.[3]  Having reviewed the record, the applicable law, and Straughter's objections,[4] the Court approves the Magistrate Judge's R&R and adopts it as its opinion.

---

[1]   *See* R. Doc. 3.
[2]   *See* R. Doc. 6 at 2.
[3]   *Id.*
[4]   *See* R. Doc. 7; R. Doc. 8.

## II. DISCUSSION

### A. Straughter's Second or Successive Petition

Straughter previously sought, and this Court denied, the federal habeas relief he seeks now.[5] Given that Straughter's petition raises arguments that he already made, or could have made, during those initial collateral proceedings, his petition is "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("[W]e define[] a 'second or successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Consequently, this Court lacks jurisdiction to review Straughter's petition without authorization from the Fifth Circuit. 28 U.S.C. § 2244 ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) ("A

---

5   *See* R. Doc. 1 (Case No. 02-2382).

movant's failure to seek authorization from this Court before filing a second or successive [petition] acts as a jurisdictional bar.").

### B. Straughter's Additional Pleadings

Straughter also submitted two additional pleadings, one pursuant to 28 U.S.C. § 2255 and the other pursuant to 42 U.S.C. § 1983. The Magistrate Judge concluded, and the record shows, that Straughter submitted those pleadings by mistake.[6] The relevant facts, along with the Magistrate Judge's reasoning and conclusions, are below.

Straughter first attempted to file a petition for a "writ of mandamus" before this Court, but he did not pay the filing fee.[7] The Clerk of the Court therefore issued a "Notice of Deficient Filing,"[8] which included the following language:

> A writ of habeas corpus submitted by a person in state custody, a § 1983 prisoner suit, a motion to vacate, and a request for pauper status *all* should be submitted on an approved form. These forms have been enclosed for your convenience. Please return the completed forms within 21 calendar days from the date of this letter.[9]

In response to the Clerk's notice, Straughter filled out and submitted *all* of the form pleadings mentioned in the above excerpt; he moved for pauper

---

| | |
|---|---|
| 6 | *See* R. Doc. 6 at 2. |
| 7 | *See* R. Doc. 1. |
| 8 | *See* R. Doc. 2. |
| 9 | *Id.* at 2 (emphasis added). |

3

status[10] and relief pursuant to 28 U.S.C. § 2254,[11] 28 U.S.C. § 2255,[12] and 42 U.S.C. § 1983.[13]

Reviewing these facts, the Magistrate Judge reasoned that Straughter misinterpreted the Clerk's instructions. Indeed, in his objections to the R&R, Straughter writes that "[the court] informed [me] that [my habeas petition] was "[d]eficient" because [I] failed to file the following forms: [m]otion to vacate sentence and conviction; [f]orma [p]auperis to pay filing fee; § 1983; and a habeas corpus."[14] In his own words, Straughter believes he was "under orders"[15] to submit pleadings pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 1983. Given the confusion here, the Court finds Straughter filed these pleadings by mistake, and it dismisses them along with Straughter's § 2254 petition.

If the Court is incorrect as to Straughter's intentions, he may resubmit those pleadings, but with the proper filing fee or application for pauper status for his § 1983 complaint. *See Ojo v. I.N.S.*, 106 F.3d 680, 682 (5th Cir. 1997) (noting that there is no filing fee for § 2255 motions before the district court).

---

10     *See* R. Doc. 4.
11     *See* R. Doc. 3 at 1-18.
12     *See* R. Doc. 3-6.
13     *See* R. Doc. 3-7.
14     R. Doc. 8 at 3-4.
15     *See* R. Doc. 8 at 3.

The Court warns Straughter, however, that if he refiles his § 1983 pleading, and the Court concludes his § 1983 claims are frivolous, the Court must issue a "strike" against him pursuant to 28 U.S.C. § 1915. The Court also notes that because Straughter is a state prisoner, § 2255 does not provide him an avenue of relief. *Reyes-Requena v. United States*, 243 F.3d 893, 897 n.8 (5th Cir. 2001).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). The Court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a) (noting that an issue must "satisfy the showing required by 28 U.S.C. § 2253(c)(2)" for a certificate to issue). Straughter has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will not issue a certificate of appealability.

For the foregoing reasons, the Court DISMISSES the petition WITHOUT PREJUDICE and DENIES a certificate of appealability.

New Orleans, Louisiana, this __27th__ day of August, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE