UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK STRAUGHTER | CIVIL ACTION |
| VERSUS | NO. 20-1553 |
| JASON KENT, WARDEN, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Patrick Straughter moves *pro se* for a writ of mandamus,[1] temporary restraining order,[2] preliminary injunction,[3] and for a hearing.[4] For the following reasons, the Court denies all of Straughter's motions.

### I.   BACKGROUND

In April 1994, Louisiana indicted Patrick Straughter for aggravated rape in violation of La. Rev. Stat. 14:42.[5] The alleged victim was Straughter's four-year-old daughter. *See State v. Straughter*, 727 So. 2d 1283, 1285 (La. App. 4 Cir. 1999). On February 8, 1996, a jury found Straughter guilty of the lesser charge of forcible rape.[6] On February 22, 1996, Straughter pleaded

---

[1]   *See* R. Doc. 11.
[2]   *See* R. Doc. 12.
[3]   *See id.*
[4]   *See* R. Doc. 13.
[5]   *See* R. Doc. 12 at 2 (Case No. 02-2382).
[6]   *See* R. Doc. 12 at 2 (Case No. 02-2382).

guilty to being a multiple offender and was sentenced to a term of sixty years' imprisonment, without the possibility of parole.[7] On February 10, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed Straughter's conviction and sentence. *See Straughter*, 727 So. 2d at 1288. The Louisiana Supreme Court denied Straughter's application for a writ of certiorari.[8]

Straughter next collaterally attacked his conviction and sentence. The state courts denied Straughter post-conviction relief.[9] Straughter then filed a federal application for a writ of habeas corpus on July 16, 2002.[10] This Court denied Straugther's writ application with prejudice,[11] and denied him a certificate of appealability,[12] noting that Straughter did not make "a substantial showing of the denial of a constitutional right."[13] Straughter appealed the Court's denial of a certificate of appealability, and the Fifth Circuit likewise denied Straughter's certificate of appealability—also noting that Straughter failed to make a substantial showing of the denial of a constitutional right.[14]

---

[7]  *See id.*
[8]  *See id.*
[9]  *See id.* at 3.
[10] *See* R. Doc. 1 (Case No. 02-2382).
[11] *See* R. Doc. 14 (Case No. 02-2382).
[12] *See* R. Doc. 17 (Case No. 02-2382).
[13] *See id.* at 2.
[14] *See* R. Doc. 20 (Case No. 02-2382).

On June 25, 2020, Straughter moved again *pro se* for a writ of habeas corpus.[15] The Court dismissed the petition, noting that it was "second or successive," lacking the necessary authorization from the Fifth Circuit.[16] Now, Straughter files for a writ of mandamus,[17] temporary restraining order,[18] preliminary injunction,[19] and for a hearing,[20] alleging that his state conviction and sentence violate his constitutional rights under the U.S. Constitution as well as Louisiana law.

## II. DISCUSSION

### A. Mandamus

Straughter seeks a writ of mandamus to compel the Attorney General of Louisiana to appear before the court and "discuss, review, and expound on" Louisiana's forcible rape statute.[21] A writ of mandamus is an "extraordinary remedy." *Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 542 (5th Cir. 2001). The Fifth Circuit has developed a three part test for determining whether mandamus jurisdiction exists: (1) the plaintiff must

---

15  *See* R. Doc. 3.
16  *See* R. Doc. 9 at 2.
17  *See* R. Doc. 11.
18  *See* R. Doc. 12.
19  *See id.*
20  *See* R. Doc. 13.
21  *See* R. Doc. 11-2 at 37.

have a clear right to the relief; (2) the defendant must have a clear duty to act; and (3) no other adequate remedy must be available. *Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir. 2002). The petitioner must carry the burden of showing that the "right to issuance of the writ is clear and indisputable." *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).

Plaintiff does not address these requirements, and in any event, he fails to meet them. Straughter's *pro se* filing does not, for example, establish that he has a clear right to relief. Rather, Straughter simply reasserts the same argument that the Court has already considered in rejected in ruling on Straughter's habeas petition—that the state district judge violated his rights under the U.S. Constitution by presenting to the jury the lesser offense of forcible rape.[22] In ruling on his habeas petition, the Court noted that ample evidence at trial, including testimony from the victim herself, supported an evidentiary finding that Straughter used force on the victim.[23] Given that Straughter does not demonstrate a clear right to relief, plaintiff's motion for a writ of mandamus is denied.

---

[22]     *Compare* R. Doc. 11-2 at 16 *with* R. Doc. 17 at 3 (Case No. 02-2382).
[23]     *See* R. Doc. 17 at 4-5 (Case No. 02-2382).

### B. Temporary Restraining Order and/or Preliminary Injunction

Next, plaintiff argues that he is entitled to a temporary restraining order and/or preliminary injunction directing the warden to release him.[24] This filing largely restates plaintiff's arguments that he is wrongfully imprisoned.[25] A temporary restraining order is an "extraordinary remedy." *See Miss. Power & Light Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The Court will grant a temporary restraining order or preliminary injunction only when "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Again, the plaintiff fails to show that he satisfies any of these requirements. For example, the plaintiff has not shown that there is a substantial likelihood he would succeed on the merits, and a motion for a temporary restraining order or injunction is not a proper vehicle to challenge a state court conviction. Nor has the plaintiff made a showing of irreparable

---

[24]   *See* R. Doc. 12.
[25]   *See id.*

harm. The Court must deny his motion. *Clark*, 812 F.2d at 993 ("The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.").

### C.  Motion for Hearing

Straughter also invokes the U.S. Constitution to argue that he is entitled to a hearing.[26] To the extent that Straughter asks the Court for consideration of the above motions, his request for a hearing is moot. To the extent Straughter asks the Court to hold oral argument, the motion is denied.

## III. CONCLUSION

For the foregoing reasons, Straughter's motion for a writ of mandamus is DENIED WITH PREJUDICE, his motion for a preliminary injunction and temporary restraining order is DENIED WITH PREJUDICE, and his motion for a hearing is DENIED.

New Orleans, Louisiana, this __12th__ day of January, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26]  *See* R. Doc. 13.